### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-288-SLP |
| ) | |
| JORGE CEDILLO, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 50]. Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 53] and opposes the requested relief. And Defendant has filed a Reply [Doc. No. 56]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 51]. For the reasons that follow, Defendant's Motion is DISMISSED.

### **I.     Background**

On May 24, 2022, Defendant pled guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Doc. Nos. 32-34. On April 26, 2023, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 41. The PSR calculated a base offense level of 38 plus (1) a two-level increase because the methamphetamine was unlawfully imported from Mexico and (2) a two-level increase because Defendant possessed a commercial driver's license, which is a special skill that

significantly facilitated the commission of the offense. PSR, ¶¶ 29-32. This resulted in an adjusted offense level of 42. *Id.*, ¶ 34. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 39. *Id.*, ¶¶ 36-38.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id.*, ¶¶ 41-42. Combining Defendant's total offense level of 39 and criminal history category of I, the PSR recommended a guideline range of 262 to 327 months' imprisonment. *Id.*, ¶ 66.

On July 26, 2023, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 82 months' imprisonment. Doc. Nos. 46, 48 at 2, and 49 at 1.

Defendant subsequently filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

**II.     Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility

2

for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
  (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
  (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
  (3) the defendant did not use violence or credible threats of violence in connection with the offense;
  (4) the offense did not result in death or serious bodily injury;
  (5) the instant offense of conviction is not a sex offense;
  (6) the defendant did not personally cause substantial financial hardship;
  (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
  (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
  (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

### III. <u>Analysis</u>

Applying Amendment 821 (Part B) to Defendant as a zero-point offender, his guideline range is reduced by two offense levels, from 39 to 37.  Combining Defendant's new total offense level of 37 with his original criminal history category of I, his amended guideline range is 210 to 262 months' imprisonment.  As the Government sets forth in its Response, because Defendant's current sentence of 82 months' imprisonment is already less than the amended guideline range of 210 to 262 months, Defendant is ineligible for a sentence reduction.  *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B); *see also Dillon*, 560 U.S. at 827.  Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence.  *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 50] is DISMISSED.

IT IS SO ORDERED this 15th day of November, 2024.

*[signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).